[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14098
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00016-RWS-GGB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDNECDIA SUTINA JOHNSON,
a.k.a. Tina Johnson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 11, 2021)

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Ednecdia Johnson, a federal prisoner proceeding *pro se*, appeals the district court's denial of her motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act. Pub. L. 115-391, § 603, 132 Stat. 5194, 5239–41 (2018) (amending 18 U.S.C. § 3582). The district court found that Johnson's medical conditions were not extraordinary and compelling reasons that would justify a reduction in her sentence. The government has moved for summary affirmance and to stay the briefing schedule.

*Pro se* pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review *de novo* determinations about a defendant's eligibility for a sentence reduction under Section 3582(c)(1)(A). *United States v. Bryant*, No. 19-14267, at 11–12 (11th Cir. May 7, 2021). We review a district court's decision to grant or deny an eligible defendant's reduction request for abuse of discretion. *Id.* When we apply the abuse of discretion standard, we recognize that the district court

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

had a "range of choice" and that we cannot reverse unless the district court applied the incorrect legal standard, made clearly erroneous factual findings, or committed a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (citations omitted). The district court did none of those here.

Section 3582(c)(1)(A) allows a district court to reduce a defendant's sentence, after considering the Section 3553(a) factors, for "extraordinary and compelling reasons," as defined in the Sentencing Commission's policy statement found at U.S.S.G. § 1B1.13. *Bryant*, No. 19-14267, at 13–14, 38. Johnson argues that her medical conditions—hypertension and a few previous bouts of bronchitis—in conjunction with COVID-19 are extraordinary and compelling reasons that warrant relief. Under the policy statement, a medical condition is extraordinary and compelling if it is "serious" and "substantially diminishes the ability of the defendant to provide self-care" in prison, and if the defendant is not expected to recover from it. U.S.S.G. § 1B1.13 app. n.1(A). The documentation Johnson submitted shows that her bronchitis resolved over three years ago, and her hypertension is well controlled by medication. And "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). *See also Harris*, 989 F.3d at 910. The district court did not err in concluding that

3

Johnson's conditions, alone or considered in light of COVID-19, are not extraordinary and compelling reasons to reduce her sentence.

We **GRANT** the government's motion for summary affirmance because there is no substantial question about whether the district court erred in denying Johnson's motion for compassionate release. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. We **DENY** as moot the government's motion to stay the briefing schedule.

**AFFIRMED**.